NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2007[*]
Decided May 7, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-3550

| | |
|---|---|
| CARLTON TAYLOR and THE HOUSE OF THE LORD OUR GOD, INC., *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division |
| *v.* | No. 2:06-CV-275 |
| CITY OF GARY, INDIANA, *Defendant-Appellee*. | Theresa L. Springmann, *Judge*. |

**O R D E R**

Carlton Taylor claims that the City of Gary, Indiana violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc to 2000cc-5, and the Free Exercise Clause of the First Amendment when

---

[*]The appellee notified this court that it was never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After an examination of the appellants' brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellants' brief and the record. *See* Fed. R. App. P. 34(a)(2).

it decided to demolish part of a former Methodist church to create a public ruins garden instead of giving the church to him. The district court dismissed the case under 28 U.S.C. § 1915(e)(2) for failure to state a claim, and we affirm.

Taylor identifies himself as a minister in The House of the Lord Our God, a not-for-profit corporation he describes as a "restoration ministry." According to his complaint, Taylor made inquiries in June 2005 about taking over the former City Methodist Church, a property owned by the City of Gary. Taylor wanted to acquire the building so he could restore it for use as a place of worship. The City refused to give him the property and, in January 2006, announced that it planned to demolish part of the church building and turn it into a ruins garden. Because Taylor sought to proceed *in forma pauperis*, the district court examined his complaint under 28 U.S.C. § 1915(e)(2) and dismissed it, concluding that Taylor lacked standing to sue because he had no property interest in the church.

Even if we assume that Taylor has standing, his complaint clearly fails to state any claim under RLUIPA. That enactment prohibits land use regulations that place a substantial burden on religious practice, 42 U.S.C. § 2000cc(a)(1), but a land use regulation is defined as a regulation that restricts a claimant's ability to use land in which he holds a property interest, 42 U.S.C. § 2000cc-5(5); *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 998 (7th Cir. 2006). Taylor's complaint makes clear that he does not have any legally recognized property interest in the City Methodist Church.

Taylor also has failed to state a claim under the Free Exercise Clause. He does not allege that the City confiscated a church that he owned or used. Rather, he alleges that he is unable to construct a place of worship in his preferred location because the City owns that location and will not give it to him. But the Free Exercise Clause does not give Taylor the right to demand that the City provide him with municipally-owned property as a place of worship. *See Prater v. City of Burnside, Ky.*, 289 F.3d 417, 427-28 (6th Cir. 2002) (pointing out that "Free Exercise Clause is written in terms of what the government cannot do to the individual, not in terms of what the individual can exact from the government" and holding that city did not violate clause by refusing to abandon public road in favor of church (internal citation and quotation marks omitted)).

For the above reasons, we AFFIRM.